Submitted on brief January 21, writ sustained February 8, 1916.

# CARSON v. SCHULDERMAN.*

(154 Pac. 903.)

**Mandamus—Statutes Relating to Filing Articles for Charitable and Benevolent Corporations.**

1. Section 6679, L. O. L., provides that whenever three or more persons shall desire to incorporate themselves for the purpose of engaging in any lawful enterprise, business, pursuit or occupation, they may do so in the manner provided in this act (Title XLIV, Chapters I–VII), which provides, among other things, for the incorporation of religious, charitable and educational corporations not for profit, but no provision whatever is made for such corporation issuing shares or having capital stock. Section 6684, L. O. L., provides the amount necessary to pay for the organization fee graduated according to the amount of the capital stock, except corporations formed for any educational, literary, scientific, religious or charitable purposes, shall pay, on presenting the articles of incorporation to the Secretary of State, an organization tax of $5. Plaintiffs are the devisees of certain realty in trust, and empowered to erect and maintain a maternity home for unfortunate, wayward girls, and the trustees are authorized to incorporate with perpetual duration, and with a capital stock not to exceed the reasonable value of the property devised, were directed to subscribe for all the capital stock, complete the corporation and convey to it the property devised, and in payment for such property to take and receive all the capital stock issued to be held in trust for the purposes indicated. The corporation was authorized to borrow not to exceed $75,000, to give a note and secure the payment thereof upon certain tracts of the property conveyed to it, such money to be used to build, equip and maintain the home without expense to the inmates, and three years after the death of the testator the trustees are to divide and transfer all the capital stock of the corporation in equal parts to the different Churches of Christ, Scientist, of Portland, Oregon, chartered by the First Church of Christ, Scientist, of Boston, Massachusetts, for their use and benefit, without any charge or trust whatever, except merely a suggestion of the testator to continue the home perpetually. *Held*, on petition for *mandamus* by the trustees to compel the corporation commissioner to file the articles of a corporation with a capital stock of $350,000, to manage and improve the realty and to carry out the plans of the testator, that the object and design of the corporation was both charitable and benevolent, and not for profit; hence the commissioner must file the articles on payment of a fee of $5.

**Trusts—Courts will not Permit Trust to Fail for Want of Trustee.**

2. In the event there were no Churches of Christ, Scientist, in Portland, Oregon, to take the reversion of the stock provided in the

---

*On the validity of charitable trust in the matter of certainty of trustees, see notes in 14 L. R. A. (N. S.) 104; 37 L. R. A. (N. S.) 1010.

REPORTER.

will of testator, the courts will not allow a trust to fail for want of a trustee.

[As to power of court to modify terms of trust, see note in Ann. Cas. 1916A, 999.]

**Charities—Construction Relating to Branches of the First Church of Christ, Scientist.**

3. The reference to the Mother Church (the First Church of Christ, Scientist, of Boston, Massachusetts) did not intend that there should be any legal connection between the churches in Portland, Oregon, and the Mother Church of Boston, Massachusetts, but that there should be such recognition by the Mother Church of the churches designated to take under the will as would make it impossible for any seceding or unorthodox organization not recognized by the Mother Church to claim an interest in the bequest, and it was not necessary that such relation should appear in the articles of incorporation of the churches in Portland, if that fact is made to appear otherwise.

Original *mandamus* proceeding in Supreme Court.

In Banc.     Statement by Mr. Justice McBride.

This is a proceeding by *mandamus* by Jessie M. Carson, H. A. Weis and J. J. Cole to compel H. J. Schulderman, as corporation commissioner of the State of Oregon, to file the articles of a proposed corporation designated as the ''E. Henry Wemme Endowment Fund.'' The proposed articles are as follows:

''Know all men by these presents that we, Jessie M. Carson, H. A. Weis, and J. J. Cole, all of the City of Portland, county of Multnomah, State of Oregon, have associated ourselves for the purpose of forming a corporation under the laws of the State of Oregon, and to that end to make and subscribe, in triplicate, the following articles of incorporation: Article I. The name assumed by this corporation, and by which it shall be known, is 'E. Henry Wemme Endowment Fund.' Article II. The principal office and place of business of this corporation shall be in the City of Portland, county of Multnomah, State of Oregon. Article III. The capital stock of this corporation shall be three hundred and fifty thousand dollars ($350,000), divided into three hundred and fifty (350) shares, of the par value of one thousand dollars ($1,000) each. Article IV.

The duration of this corporation shall be perpetual. Article V. 1. The business in which this corporation proposes to engage is that of buying, owning, holding, managing, improving, mortgaging and leasing the following described real property, to wit: Lots one (1), four (4), five (5), and eight (8) in block fifty-three (53) in Couch's Addition to the City of Portland; and also lots one (1) and four (4), and the south twenty (20) feet of lot five (5), in block nine (9) of Couch's Addition to the City of Portland, and the south one hundred and twenty (120) feet of block seventy-two (72) in East Portland, now a part of Portland, and all now being in the City of Portland, Multnomah County, State of Oregon. 2. To buy, own, hold, mortgage, lease, improve, and sell real estate as may be necessary in carrying out the enterprise for the carrying out of which this corporation is formed, and to lease property to third persons, firms, or corporations. 3. To purchase a suitable site for, erect, equip, maintain and conduct a maternity home or lying-in hospital for the accommodation, care and keeping of unfortunate and wayward girls, without charge therefor, in the City of Portland, Multnomah County, State of Oregon, which home or hospital shall be known as the White Shield, of Portland, Oregon. 4. To issue the promissory note of the corporation and secure the payment of the same by mortgage or pledge of any or all property belonging to the corporation, and generally to do anything necessary, proper, or convenient in carrying out any of the enterprises hereinbefore mentioned. In witness whereof we have hereunto set our hands and seals this 27th day of September, A. D. 1915.''

This corporation was formed pursuant to the terms of the will of E. Henry Wemme, deceased, whereby he bequeathed certain property to the plaintiffs herein in trust for the purpose of erecting and maintaining a maternity home for unfortunate, wayward girls in the City of Portland, to be conducted without cost to the objects of testator's bounty. It was provided that the

trustees immediately after the death of the testator should form a corporation with perpetual duration, to be named the "E. Henry Wemme Endowment Fund," with a capital stock not to exceed the reasonable value of the property devised; that the trustees should subscribe for all the capital stock of the corporation, and should complete the corporation and convey to it the devised property, taking in payment therefor all the shares of the capital stock which should be issued to them jointly in one certificate to be held in trust for the purposes indicated. It was provided that the corporation should have the right to borrow not to exceed $75,000, and to give a note therefor to be secured upon certain tracts of the property conveyed to it, and that after securing this money it should proceed to purchase a site for a maternity home for wayward girls and to build and equip it, and use the rents, issues, and profits of the bequeathed property in maintaining it and caring and providing a home for the inmates thereof without expense to them. It was provided that three years after the testator's death the trustees should divide and transfer all the capital stock of the corporation in equal parts to the different Churches of Christ, Scientist, of Portland, Oregon, authorized and chartered by the head Church of Christ, Scientist, known as the Mother Church, for their own use and benefit, without any charge or trust whatever reserved to testator's estate. Then follows this clause:

"I hope, however, this is not directory, but merely a suggestion, that the maternity home constructed as hereinbefore provided shall be continued by said corporation, E. Henry Wemme Endowment Fund, perpetually, and forever, but I do not make this binding upon said Church of Christ, Scientist, or upon said E. Henry Wemme Endowment Fund, a corporation, for the rea-

son that I have implicit faith and confidence in the Church of Christ, Scientist, and believe that they will be perpetual, and I realize the inability of one now living to determine what in the future might be the greatest need and benefit to suffering humanity, and therefore I have given absolutely and without reservation all of the stock of said corporation of E. Henry Wemme Endowment Fund to said Church of Christ, Scientist, believing that they will expend the rents, issues and profits and all the proceeds of the said E. Henry Wemme Endowment Fund in a manner so as to create the greatest relief for the greatest number of suffering humanity.''

The plaintiffs tendered to the corporation commissioner the articles set forth in this statement, together with a fee of $5, and demanded that they be filed as the articles of a charitable corporation, and that defendant issue a certificate of incorporation upon said articles. Defendant took the ground that the articles indicated the corporation was a business corporation organized for profit, and therefore liable to pay an organization fee provided for in Section 6684, L. O. L., amounting to $60, and the estimated license fee provided by Section 6707 for the remainder of the year ending June 30, 1916, and refused the articles or to issue certificate until such additional sums should be paid. Therefore plaintiffs sued out this writ.

WRIT ALLOWED.

For plaintiff there was a brief submitted over the names of *Messrs. Joseph & Haney.*

For defendant there was a brief prepared and filed by *Mr. George M. Brown,* Attorney General, and *Mr. Joseph A. Benjamin,* Second Assistant Attorney General.

MR. JUSTICE McBRIDE delivered the opinion of the court.

. 1. Section 6679, L. O. L., provides:

"Whenever three or more persons shall desire to incorporate themselves for the purpose of engaging in any lawful enterprise, business, pursuit, or occupation, they may do so in the manner provided in this act."

Chapter 5, Title 44, L. O. L., provides for the incorporation of religious, literary, art, charitable and other societies not carried on for the purpose of profit. This chapter makes no provision for such associations issuing shares or having capital stock. We think there is no doubt of the right of the trustees to incorporate under the provisions of Section 6684. Under the will they could not incorporate in any other manner, and, if they could not do so under such section, the trust would possibly fail altogether. Building, maintaining and carrying on an institution of the character mentioned is a "lawful enterprise, a business, or pursuit," irrespective of whether the parties incorporating engage in it for pleasure, profit or charity. In the present instance the design of the corporation is purely charitable and benevolent. Its scope and articles are such as absolutely inhibit the idea of profit from any source. It is true that the fact that the corporation is one having capital stock is laid down by many authorities as the test whether or not the corporation is one organized for profit, but after all it is only evidence of that fact, and cannot be conclusive in a case where the articles themselves show that the whole capital and income of the property is to be devoted to charitable uses.

2. Whether the Churches of Christ, Scientist, are qualified to take the reversion of the stock as provided

in the will is a question that does not arise here. If there are none in Portland so qualified, the courts will not allow the trust to fail for want of a trustee.

3. It is here stipulated, however, that the different Churches of Christ, Scientist, of Portland, Oregon, are religious bodies or associations organized and existing for the purpose of religious and educational work in said city; that the articles of incorporation of said Church of Christ, Scientist, do not show that said churches are charitable institutions or associations organized for charitable work; that the articles of incorporation of said churches show no legal affiliation with the Church of Christ, Scientist, incorporated under the laws of the State of Massachusetts and commonly known as the Mother Church of Boston, Massachusetts. We take it that by the reference to the Mother Church of Boston it was not intended that there should be any legal connection between the churches in Portland and the Mother Church, but that there should be such recognition by the Mother Church of the churches designated to take under the will as would render it impossible for some seceding or unorthodox organization not recognized by the Mother Church to claim an interest in the bequest. It is not necessary that such relation should appear in the articles of incorporation of the Portland churches if that fact is made to appear otherwise. We will not attempt in this proceeding to determine who shall take under the will, but merely whether the articles of incorporation show that the object of the incorporation is charitable, and not for profit. This is clearly shown, and, while it was entirely proper for the commissioner to require this matter to be determined by judicial proceedings, an order will be made requiring him to file the articles and issue

the certificate of incorporation upon payment to him
of the \$5 tendered.                    WRIT ALLOWED.

MR. JUSTICE EAKIN took no part in the consideration
of this case.